IN THE MATTER OF JAMES G. CRAWFORD
No. 10501
Submitted September 24, 1962.  Decided December 4, 1962.
380 P.2d 664

Forrest H. Anderson, Atty. Gen., for the State of Montana.

PER CURIAM.

On September 24, 1962, the Attorney General filed in this court a complaint wherein it was alleged that James G. Crawford had been engaged in certain practices in violation of his oath as an attorney of this court; that said Crawford had been requested to appear before the grievance committee of the local bar association to explain his conduct and he had failed to appear or to explain why he did not so appear; and the prayer requested that a summons be issued requiring Crawford to appear and show cause before this court why he should not be disciplined for his conduct.

This court then entered an order directing Crawford to appear in answer to the allegations of the complaint within

twenty days from service of summons and further ordered the clerk of this court to issue such summons, and the same was issued on September 24, 1962. The summons, together with a copy of the complaint was served upon Crawford personally on October 3, by the sheriff of Yellowstone County.

On October 24, through his counsel, a motion to dismiss was filed herein which said motion was denied on October 25 and Crawford was ordered to answer the complaint within ten days. On November 7, Crawford's counsel filed a notice of his withdrawal as such attorney.

On November 9, an order was made and entered herein which set forth the fact that counsel had filed notice of his withdrawal as attorney for Crawford and that the time granted to file an answer had expired, and then provided that Crawford file in this court his answer to the complaint on or before ten days from the date of service of the order or his default for failure to do so would be entered, and further providing that a copy of the order be served upon Crawford personally by the sheriff of Yellowstone County forthwith. Copy of this order was served personally upon Crawford by such sheriff on November 16 and the time fixed for filing answer herein expired on November 27 and no answer has been filed. Accordingly, an order has been made to enter the default of Crawford and it has been so entered by the clerk.

Reference has been hereinbefore made to the grievance committee of the local bar association and it should be stated here that such committee received complaints involving Crawford and endeavored to confer with him with regard to them but no cooperation was forthcoming from him; this court likewise received complaints involving his activities and these complaints were thoroughly investigated and the results thereof forwarded to the Attorney General prior to the filing of the complaint herein.

By the complaint, it is alleged that Crawford received a check for $1,000 for legal services to be performed and which

check was not to be cashed until he was advised to cash it by the makers; no authority was ever given to cash the check but the same was cashed by Crawford and though request was made for the return of the proceeds thereof it was refused. Crawford in two other instances agreed to draft estate plans with the understanding that if the estate plans were not acceptable to the clients the advance payments for legal services of $1,000 in one instance and $800 in the other, would be refunded. None of the plans were accepted and though requested by the clients to refund the advance payments they were refused. In one of these instances, Crawford failed to return the records and papers of the client which had been furnished to him, though he was requested to do so. In another instance it was alleged that a certain estate plan which Crawford had prepared, and upon which had been paid the sum of $3,000, was not acceptable and the clients abandoned the idea and the matter was closed. However, several months thereafter Crawford demanded an additional fee of $2,967 under a veiled threat. In another instance, for a fee in excess of $12,000 Crawford was employed to prepare an estate plan and various deeds, documents, records and books of account were delivered to him by the client. While some service was rendered it was never completed, although about three-fourths of the fee had been paid, and it became necessary for the client to employ other counsel to secure the return of the papers and to complete the contemplated services. It further appears from the allegations of the complaint that Crawford contacted persons of means and solicited employment in preparing and submitting a plan for minimizing estate and inheritance taxes; that he induced such persons to pay a retainer fee which varied in amount from $800 to $3,000 and which he promised to refund if the plan or plans prepared by him should not be acceptable and that he invariably refused to make any refund of the retainer or return to such persons the papers which had been delivered to him.

In this cause Crawford was given time to answer these accusations as required by section 93-2031, R.C.M.1947, and he has not done so. As provided by section 93-2032, R.C.M. 1947: "If he do not appear, the court may proceed and determine the accusation in his absence."

In arriving at our decision in this cause under the provisions of section 93-2028, R.C.M.1947, we may take into consideration matters within the knowledge of the court, such as the results of the intensive investigation conducted following receipt of complaints; the fact that Crawford did not appear before the grievance committee of the local bar association which requested him to do so; his failure to answer the accusations made in the complaint, and thus allowing his default to be entered.

We find the accused guilty of deceit and malpractice involving moral turpitude and of violating his duties as an attorney and counselor of this court. In our view the penalty to be assessed shall be disbarment.

It Is Therefore Ordered that James G. Crawford be disbarred from the practice of law and that his name be stricken from the roll of attorneys and counselors of this court, and that he is hereby precluded from practicing as an attorney or counselor in all the courts of this state.